**The below described is SIGNED.**

Dated: September 26, 2012

/s/ William T. Thurman

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re: <br><br> **RICHARD ALAN FRISTOE** and <br> **GAYLE SUSAN FRISTOE,** <br><br> Debtors. | Bankruptcy No. 10-32887 <br><br> Chapter 7 |
|---|---|

**MEMORANDUM DECISION ON DEBTORS' MOTION
SEEKING CONTEMPT AND SANCTIONS**

This matter came before the Court on the debtors Richard Alan Fristoe and Gayle Susan Fristoe's (the "Debtors") Amended Motion for Sanctions against Secured Creditor Bank of America and Other and Further Relief (the "Motion"). The Court held a hearing on the Motion on July 26, 2012. Terry Hutchinson appeared on behalf of the Debtors, James Woodall appeared on behalf of Bank of America, N.A. ("BofA"), and Jason Dixon appeared on behalf of the Color View Townhomes Owners Association ("Color View HOA"). At the conclusion of the hearing, the Court took this matter under advisement to determine whether the Court could sanction BofA for not foreclosing on the Debtors' properties, order the chapter 7 trustee Kenneth Rushton (the "Trustee") to sell the properties at auction, or provide any other appropriate sanctions.

After careful review of the statutory authority, the case law, and the parties' briefs and arguments, the Court issues the following Memorandum Decision.[1]

## I. JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408. Notice of the hearing on this Motion is found to be appropriate and adequate.[2]

## II. FACTS AND BACKGROUND

In September 2005, the Debtors obtained a mortgage loan from Countrywide Home Loans, Inc. ("Countrywide") in the amount of $84,800, which was secured by a deed of trust encumbering real property located at 1785 West 950 North #6, St. George, UT 84470 ("Subject Property #1"). Subject Property #1 is subject to homeowners association fees that must be paid to the Color View HOA. In August 2006, the Debtors obtained another mortgage loan from Countrywide in the amount of $102,000, which was secured by a deed of trust encumbering real property located at 1845 West Canyon View Drive #106, St. George, UT 84770 ("Subject Property #2").[3] At the same time, the Debtors obtained a second mortgage loan from Countrywide Bank, N.A. ("Countrywide Bank") in

---

[1] The Memorandum Decision shall constitute the Court's findings and conclusions as allowed by Fed. R. Civ. P. 52, incorporated into this proceeding by Fed. R. Bankr. P. 7052.

[2] Fed. R. Bankr. P. 9014(b) states that in contested matters, a motion shall be served in accordance with Fed. R. Bankr. P. 7004. Fed. R. Bankr. P. 7004(h) requires that service on an insured depository institution be made by certified mail addressed to an officer of the institution. It appears the Debtors did not provide BofA service of the Motion in accordance with this rule, but as BofA responded in timely fashion to the Motion, the issue of proper service is deemed waived.

[3] Collectively, Subject Property #1 and Subject Property #2 shall be referred to herein as "the Properties."

2

the amount of $12,750, which was secured by a deed of trust encumbering Subject Property #2. Subject Property #2 is subject to homeowners association fees that must be paid to the Los Palmas Homeowners Association ("Los Palmas HOA"). Through a number of assignments and mergers, BofA holds all three notes and trust deeds.

The Debtors filed their chapter 7 bankruptcy petition on September 19, 2010 (the "Petition Date"). At some point prior to this bankruptcy case, the Debtors defaulted on their obligations under the loans secured by the Properties. In January 2010, the Debtors turned off the utilities to Subject Property #1. In March of 2010, BofA changed the locks on Subject Property #1, posted a notice that the property had been "winterized," and since that time, the Debtors have been unable to access the property. Prior to the Petition Date, BofA scheduled Subject Property #1 to be sold at auction, but for reasons that are not clear on the record, did not proceed with the sale. BofA also refused to accept a Deed in Lieu of Foreclosure. The Debtors admit that all actions taken by BofA were permitted under the terms of the trust deed on Subject Property #1.

The Debtors received a chapter 7 discharge on December 22, 2010. Prior to receiving their discharge, the Debtors indicated their intent to surrender the Properties. However, the Trustee did not formally abandon the Properties, and BofA has not requested relief from the automatic stay as to the Properties. Color View HOA sued the Debtors for payment of the postpetition homeowners association fees on Subject Property #1, and Los Palmas HOA demanded payment of the postpetition homeowners association fees on Subject Property #2.

### III. DISCUSSION

The issue in this case is whether a bankruptcy court can provide relief to debtors who have abandoned real property but who remain subject to nondischargeable postpetition fees assessed by

3

homeowners associations. Pursuant to 11 U.S.C. § 523(a)(16),[4] any postpetition assessments and fees owed to a homeowners association are not dischargeable so long as the debtor has "a legal, equitable, or possessory ownership interest" in the property. Pursuant to § 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

The Debtors argue that under the Court's equitable powers under § 105(a), the Court may and should: (1) enter an order sanctioning BofA for failing to timely foreclose on the Properties; (2) enter an order temporarily setting aside the Debtors' discharge; (3) enter an order directing the Trustee to sell the Properties at an auction, free and clear of all liens and encumbrances; (4) enter an order directing the Trustee to distribute the proceeds of said auctions to pay the Debtors' attorney fees as a sanction, pay all outstanding homeowners association fees and charges against the Properties, and then pay any remaining balance to BofA; and (5) enter any further sanctions the Court deems appropriate. The Debtors argue that the Court has broad power under § 105(a) to accord equitable relief so long as it does not contradict any other provision of the Bankruptcy Code. They argue a sale under § 363(f)(5), which permits the Court to approve a sale if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest," is applicable. They reason that under Utah law, BofA has breached the implied covenant of good faith and fair dealing

---

[4]Unless otherwise stated, the reference to Sections shall apply to Title 11 of the United States Code (the "Bankruptcy Code").

by failing to foreclose on the Properties in a manner that is in accordance with well-established usage and custom, and therefore could be compelled to accept money in satisfaction of its interest. Therefore, the Debtors argue that under both legal and equitable grounds, the relief they request is proper.

BofA argues that the requested relief exceeds the scope of § 105 because the relief would be inconsistent with other sections of the Bankruptcy Code. BofA argues that a sanction for not foreclosing on the Properties would be contrary to the automatic stay provision of § 362(a) as the Properties have not been formally abandoned by the Trustee and are still part of the Debtors' bankruptcy estate. BofA also argues that an order compelling the Trustee to sell the Properties would be contrary to the provisions of § 363. Firstly, BofA argues that § 363(b)(1) requires the Trustee to sell property only after notice and a hearing, which has not been given in this case. Secondly, BofA argues that such a sale would not comply with the provisions of § 363(f). Lastly, BofA argues that because it does not consent to the sale, and no other subsections under § 363(f) are applicable, granting such relief would be contrary to this provision of the Bankruptcy Code and is thus impermissible under § 105(a).[5]

The Court does not believe it has the power to order the relief requested by the Debtors under § 105(a), and therefore declines to grant the Motion. The Court of Appeals for the Tenth Circuit of the United States (the "Tenth Circuit") has repeatedly held that "a bankruptcy court may not exercise

---

[5]Since the date of the hearing on the present motion for sanctions, the Trustee has requested the Court approve an auction sale of the property pursuant to § 363(f). BofA has objected to the procedure arguing that the Trustee does not meet the criteria under this code section. A hearing was held before the Court on the Trustee's motion on August 29, 2012 but was continued until October 4, 2012, as BofA indicated it was intending on seeking relief from stay.

its 'broad equitable powers' under § 105(a) 'in a manner that is inconsistent with the other, more specific provisions of the [Bankruptcy] Code.'" *In re Scrivner*, 535 F.3d 1258, 1263 (10th Cir. 2008) (quoting *In re Frieouf*, 938 F.2d 1099, 1103 n.4 (10th Cir. 1991)). The Tenth Circuit has further reasoned that "[t]o allow the bankruptcy court, through principles of equity, to grant any more or less than what the clear language of [a statute] mandates would be tantamount to judicial legislation and is something that should be left to Congress, not the courts." *Id*. (quoting *In re Alderete*, 412 F.3d 1200, 1207 (10th Cir. 2005)). Therefore, this Court's ability to afford equitable relief is limited to only that which is consistent with the provisions of the Bankruptcy Code.

In this case, the Court finds that to sanction BofA for failing to foreclose on the Properties and to force the Trustee to conduct a sale of the Properties would be inconsistent with other provisions of the Bankruptcy Code, namely §§ 362 and 363. Because the Trustee has not formally abandoned the Properties and as of the date of this decision, BofA has not asked for relief from stay, the Properties are still part of the bankruptcy estate. As long as the Properties are part of the estate, any action by BofA to foreclose on the properties without first asking for relief from stay would be in contravention of § 362. The Court also cannot unilaterally terminate the stay as to property of a debtor's estate, nor can it force a creditor to seek relief from stay. The clear language of § 362(d) provides that the Court shall terminate the automatic stay "[o]n request of a party in interest and after notice and a hearing." Because an order sanctioning BofA for failing to foreclose on the Properties would be inconsistent with the plain language of § 362, the Court finds it cannot issue such an order under § 105(a).

The Court also concludes that it cannot force the Trustee to conduct a sale of the Properties free and clear of liens because under the facts of this case, such an order would be inconsistent with

§ 363(f), which allows a sale free and clear of liens only if: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. BofA does not consent to the sale of the Properties, and it does not appear that there is equity in the Properties. The Court finds no other subsection of § 363(f) that is applicable. Accordingly, the Court declines to enter an order forcing the Trustee to sell the Properties as such an order would be inconsistent with § 363(f).

The Court has dealt with the issue of postpetition homeowners fees previously in *In re Colon*, 465 B.R. 657 (Bankr. D. Utah 2011). However, *Colon* dealt with the applicability of § 523(a)(16) in the context of a chapter 13 plan process and discharge. The Debtors in the case presently before the Court are in a chapter 7 bankruptcy and do not contest that § 523(a)(16) renders the postpetition homeowners association fees assessed against them nondischargeable.[6] Prior to the passage of the amendments to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), § 523(a)(16) permitted discharge of postpetition homeowners association fees if the debtor did not occupy or rent the property. Under the pre-BAPCPA statutory scheme, the Debtors' obligations to pay the HOA fees would be dischargeable as the Debtors do not reside, rent, or even have access to the Properties. The Court recognizes that at the time BAPCPA was passed, the economy and real estate markets were strong and Congress may not have been able

---

[6]Furthermore, to the extent this decision is inconsistent with *Colon*, *Colon* is found to be non-persuasive and the Court elects not to follow that reasoning.

to foresee that lenders would have an incentive to stall foreclosure proceedings for substantial periods of time. But that is an issue for Congress, not this Court, to remedy. The Court is sympathetic to the fact that the Debtors are left with a liability for homeowners association fees even though they have surrendered the Properties, and furthermore, sympathetic to the fact that they have no control over the timeline of the foreclosure process. However, the Court concludes it must rule in accordance with the Bankruptcy Code. *See In re Tuttle*, 291 F.3d 1238, 1245 (10th Cir. 2002) (finding that even where "equitable arguments are compelling, they cannot overcome the plain language of the Code.")

The Court recognizes that at least one other bankruptcy court has decided to grant similar relief to that which the Debtors are requesting under § 105(a). In *In re Pigg*, 453 B.R. 728 (Bankr. M.D. Tenn. 2011), the facts were very similar to this case. After a chapter 7 debtor was forced to evacuate the condominium she owned due to a natural disaster, she defaulted on her mortgage and the mortgagee and servicer, coincidentally also BofA and its related entity BAC Home Loans Servicing LP ("BAC"), proceeded to place locks on the condominium. *Id*. at 730-31. The Debtor filed for bankruptcy and surrendered the unit. *Id*. Just as in the matter before the Court, no action was taken by BAC/BofA to foreclose on the property, BAC/BofA refused to take a deed in lieu of foreclosure, and nondischargeable HOA fees accrued against the debtor postpetition. *Id*. at 730-32. That Court found that it was appropriate to use the bankruptcy court's equitable powers under § 105(a) to fashion an equitable remedy and deemed that under § 363(f)(2), BAC/BofA had "consented to the sale by their inaction." *Id*. at 736. This Court shares that Court's important policy concerns that if the lender never chooses to foreclose, a debtor "cannot truly be given a fresh start because . . . that homeowner's liability for the HOA fees continues in perpetuity." *Id*. at 733.

8

However, this Court respectfully disagrees with that Court's reasoning that a bankruptcy court can use § 105(a) to force a creditor to "consent" to a sale under § 363(f)(2) when the creditor affirmatively objects to such a sale, even if that creditor has not actively pursued foreclosure of the property. The language of §§ 362 and 363 are clear, and in this case, granting the relief requested by the Debtors would be in direct contravention of the Bankruptcy Code and is consequently beyond the scope of the Court's equitable powers under § 105(a).

### IV. CONCLUSION

Based on the foregoing, the Debtor's Motion should be denied. A separate order will accompany this Memorandum Decision.

_____END OF DOCUMENT_____

ORDER SIGNED

oo00–00oo

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

Terry L. Hutchinson
1224A South River Road, Suite 105
St. George, UT 84790
  *Counsel for the Debtors*

Jesse A.P. Baker
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
  *Counsel for Bank of America, N.A.*

Kenneth A. Rushton
153 North 100 East
P.O. Box 212
Lehi, UT 84043
  *Chapter 7 Trustee*

U.S. Trustee's Office
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111

ORDER SIGNED